UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DEREK FLEMING,**

    **Plaintiff,**

    v.

**HONDA OF AMERICA MFG., INC.** *et al.***,**

    **Defendants.**

Civil Action 2:16-cv-421
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff brings this Family and Medical Leave Act ("FMLA") and state law discrimination and wrongful termination action against Defendants, alleging that they retaliated against him for use of FMLA leave, discriminated against him based on a known disability, and wrongfully terminated his employment. (ECF No. 2 at 7-10.) This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 13), Defendants' Response in Opposition (ECF No. 14), and Plaintiff's Reply (ECF No. 16). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

**A.    Claims, Defenses, and Defendants' Motion to Dismiss**

The Complaint contains the following allegations. Defendants accused Plaintiff of "milking" his medical condition after he took FMLA leave and referred to him as "ADD Boy" after Plaintiff was diagnosed with ADHD and informed his employer. (ECF No. 2 at 3-5.) According to Plaintiff, Defendants subsequently falsely accused Plaintiff of violating

Defendants' Drug and Alcohol Policy in retaliation for Plaintiff's use of FMLA leave and because of his disability. (*Id*. at 7-9) Defendants deny these allegations. (ECF No. 10.)

B. **Plaintiffs' Motion to Compel**

In his Motion, Plaintiff seeks a Court Order compelling Defendants to more fully respond to a number of requests for production of documents and to expand responses to certain interrogatories. (ECF No.13 at 4.) Specifically, Plaintiff posits that Defendants' responses to the following discovery requests in Plaintiff's First Set of Discovery are deficient:

**INTERROGATORY NO. 8:**

Identify the person who replaced Plaintiff at Honda of America Mfg., Inc. after his termination from Honda of America Mfg., Inc.

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all communications concerning the factual allegations or claims at issue in this lawsuit among or between:

  i. The Plaintiff and the Defendants;
  ii. The Plaintiff's manager(s), and/or supervisor(s), and/or the Defendants' human resources representatives.

**REQUEST FOR PRODUCTION NO. 5:**

Produce the personnel file of Stacie Carper, in any form, maintained by the Defendant, including files concerning the Plaintiff maintained by the Plaintiff's supervisor(s), manager(s), or the Defendants' human resources representative(s), irrespective of the relevant time period.

**REQUEST FOR PRODUCTION NO. 6:**

Produce the personnel file of Adam Kucia, in any form, maintained by the Defendant, including files concerning the Plaintiff maintained by the Plaintiff's supervisor(s), manager(s), or the Defendants' human resources representative(s), irrespective of the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all job description(s) for the position(s) that the Plaintiff held.

(ECF No. 14-1.)

Plaintiff also posits that Defendants' responses to the following discovery requests in Plaintiff's Second Set of Discovery are deficient:

**INTERROGATORY NO. 14:**

Identify any and all employees Similarly-Situated to Plaintiff who have taken FMLA leave at any time in the last five (5) years, and for those employees identified, state the beginning date and (if applicable) end date of their employment.

**INTERROGATORY NO. 15:**

Identify any and all employees Similarly-Situated to Plaintiff who were known by Honda to suffer from any disability at any time in the last five (5) years and for those employees identified, state the beginning date and (if applicable) end date of their employment.

**INTERROGATORY NO. 16:**

Identify any and all employees who worked at the Marysville Plant who have been disciplined at any time in the last three (3) years for harassing, bullying, picking on, or arguing with any other employee about their disability, attendance, and/or use of FMLA leave.

**INTERROGATORY NO. 17:**

Identify any and all employees who worked at the Marysville Plant who have been disciplined at any time in the last five (5) years for allegedly violating Honda's Drug and Alcohol Policy, and for each employee identified, describe the nature of the discipline that was administered.

**REQUEST FOR PRODUCTION NO. 27:**

Produce any and all recordings in any format made by Honda or anyone on Honda's behalf regarding Plaintiff, including but not limited to any oral, tape, video, digital, analog and similar types of recordings.

**REQUEST FOR PRODUCTION NO. 28:**

Produce the entire disciplinary file (if any) for any and all employees Similarly-Situated to Plaintiff who have taken FMLA leave at any time in the last five (5) years.

**REQUEST FOR PRODUCTION NO. 30:**

Produce the entire disciplinary file (if any) for any and all employees Similarly-Situated to Plaintiff whom was disciplined at any time in the last ten (10) years for violating Honda's Drug and Alcohol policy

(ECF No. 14-2.)

Defendants oppose Plaintiffs' Motion on a variety of grounds as discussed more fully below.

## II. STANDARD OF REVIEW

Plaintiff has moved the Court for an order compelling Defendants to respond to his discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case, but barely. Plaintiff did not meaningfully confer with Defendants to resolve the matter without judicial intervention. Instead, Plaintiff sent a letter to Defendants demanding the discovery and filed his Motion to Compel less than a month later. Counsel for Plaintiff is cautioned that this Court will not countenance any further motion unless it contains demonstrated effort to cooperate and to engage in meaningful dialogue in an effort to resolve the issues extrajudicially.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows discovery

4

"regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering the scope of discovery, the Court may balance Plaintiff's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

### III. ANALYSIS

Defendants submit that the requested production falls outside the scope of Federal Rule of Civil Procedure 26(b)(1). (ECF No. 14 at 2.) Specifically, Defendants assert that Plaintiff's requests are over-broad, do not relate to a claim or defense in this matter, and seek information that, if provided, would violate the legitimate privacy interests of non-parties. (*Id*. at 4-15.) Defendants also assert that they have already sufficiently responded to several of Plaintiff's requests. (*Id*. at 4-6.)

Generally, discovery is available "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231 (6th Cir. 2016.); *see* Fed. R. Civ. P. 26(b)(2). [1]

---

[1] The Court notes that Plaintiff has relied on the wrong standard for obtaining the discovery he seeks. Gone are the days of nearly boundless discovery as is the "reasonably calculated to lead to the discovery of admissible evidence" language of Rule 26(b)(1). While the Court could deny Plaintiff's motion on this basis alone, the Court proceeds to consider Plaintiff's request under the proper standards.

### A. Defendant's Production is Responsive to Plaintiff's First Set of Discovery Interrogatory No. 8 and Production Request No. 11.

**1. Interrogatory No. 8**

In his Interrogatory No. 8 Plaintiff seeks information and documents related to "the person who replaced Plaintiff . . . after his termination." (ECF No. 14 at 4.) In their response to Interrogatory No. 8, Defendants state that "no one person replaced Plaintiff at Honda . . . after Plaintiff's separation . . . . Plaintiff's responsibilities were distributed among existing members of the Delivery section . . . . [A subsequent hire] did not take on all of Plaintiff's duties or otherwise specifically 'replace' Plaintiff." (*Id.*)

It is settled law in the Sixth Circuit that "[s]preading the former duties of a terminated employee among the remaining employees does not constitute replacement." *Parries v. Makino, Inc.*, 148 F. App'x 291, 298 (6th. Cir. 2005) (quoting *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir. 2001)) (internal quotes omitted). In the instant case, Defendants provided Plaintiff with the information that he was not replaced and that Defendants redistributed his duties, which no one individual subsequently assumed. The Court finds, therefore, Defendants' answer fully responsive to Plaintiff's Interrogatory No. 8.

**2. Production Request No. 11**

In his Request for Production No. 11, Plaintiff seeks "any and all job description(s) for the position(s) that Plaintiff held." (ECF No. 14 at 6.) Defendants clearly stated in their response to Plaintiff that they do not maintain official job descriptions for the positions held by Plaintiff and that they have no documents responsive to Plaintiff's request. (*Id.*) Defendants, arguably, could have stopped there, but, instead, they volunteered that Plaintiff's personnel file would contain the documents most closely approximating the documents sought, and they agreed

to produce those documents. (*Id.*) The Court finds, therefore, Defendants' answer fully responsive to Plaintiff's Production Request No. 11.

**B. Plaintiff's First Set of Discovery Production Requests Nos. 1, 5 & 6 and Second Set of Discovery Interrogatory No. 16 and Production Requests No. 27 Request Material that is not Relevant or Proportional to the Needs of the Case.**

Plaintiff's First Set of Discovery Production Request No. 1 seeks "any and all communications concerning the factual allegations or claims at issue in this lawsuit" between Plaintiff and Defendants, as well as between Plaintiff and his supervisors and Defendants' human resource personnel. (ECF No. 14-1 at 8.) Plaintiff's First Set of Discovery Production Request Nos. 5 and 6 seek the personnel files of Defendants Stacie Carpenter and Adam Kucia. (*Id.* at 9.) Plaintiff's Second Set of Discovery Interrogatory No. 16 seeks the identity of Marysville Plant employees disciplined for "harassing, bullying, picking on, or arguing with any other employee about their disability, attendance, and/or use of FMLA leave." (ECF No. 14-2 at 12.) Plaintiff's Second Set of Discovery Production Request No. 27 seeks "any and all recordings in any format . . . regarding Plaintiff." (*Id.* at 18.)

Rule 26(b) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The production requests discussed above seek information that is irrelevant. For instance, Plaintiff's request for "all recordings" would include security surveillance footage, videos from company social functions, or even safety training videos. Defendants have responded that they have no video footage of the incidents involving Plaintiff's termination such that requiring them to produce all recordings is disproportionate to the needs of the case.

Similarly, Defendants Carpenter and Kucia's personnel files would contain large amounts of irrelevant personal information, much of it sensitive. None of these items, although

7

responsive to Plaintiff's production requests, is "relevant to any party's claim or defense," and, to that end, is not proportional to the needs of the case. *Id.*[2] Furthermore, the Court notes that Defendants have produced the documents it controls "relating to the substantive allegations and claims at issue, namely those documents that related to Plaintiff's separation, leaves, alleged disabilities, medical accommodations, and bullying, if any such documents existed." (ECF No. 14 at 7.) Insofar as Plaintiff is entitled to information or documents that fall within the overbroad requests he presented to Defendants, the Court finds that Defendants' production has been fully responsive.

**C. Plaintiff's Second Set of Discovery Interrogatories Nos. 14 & 15 and Requests for Production Nos. 28 & 30 are Overbroad**

Plaintiff's Second Set of Discovery contains four items seeking information or documents, including disciplinary files, related to individuals similarly situated to Plaintiff who took FMLA leave or are known by Defendants to suffer from any disability. (ECF No. 14-2 at 11, 18-19.) Defendants argue that Plaintiff's requests are irrelevant, overbroad, and unduly burdensome. (*Id.*; ECF No. 14 at 12.) Plaintiff maintains that this information is necessary in order to identify comparators. (ECF Nos. 13 at 2 & 16 at 1.)

"Discrimination cases frequently turn on whether the plaintiff can identify one or more comparators who are similarly situated in all relevant respects. . . . The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine." *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753

---

[2] In his Reply, Plaintiff conflates somewhat his request for these files with his requests for information concerning any employees who took FMLA leave from Honda. As set forth below, the Court intends to convene the parties concerning discovery in this case and will discuss this matter more fully.

(6th Cir. 2012). A plaintiff may make out a prima facie case by showing "that a comparable non-protected person was treated better." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir. 1992). To establish disparate treatment, the plaintiff must show that he was similarly-situated in all relevant aspects to the comparable worker. *See Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994). In a discriminatory discipline or firing context, "similarly-situated" means that "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583. "The Plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered 'similarly-situated;' rather . . . the plaintiff and the [comparator] must be similar in all *relevant* aspects." *Ercegovich v. Goodyear Tire Rubber Co.*, 154 F.3d 344, 452 (6th Cir. 1998.) Similarly, although the comparison need not involve identical misconduct, the misconduct must be of comparable seriousness. *Bobo*, 665 F.3d at 751.

In the instant case, a valid comparator would be an employee in the Marysville Plant who worked in the same Delivery section of Honda's New Model Purchasing Division and who was subject to the same standards as Plaintiff. (*See* ECF No. 14 at 4.) The Court, when considering comparable conduct, is especially mindful that it need not be identical, but rather of "comparable seriousness." *Bobo*, 665 F.3d at 751. A valid comparator, therefore, need not have violated Defendant's Drug and Alcohol Free Workplace Policy. In determining what conduct would be of comparable seriousness, the Court looks to the consequences of Plaintiff's alleged conduct. Defendants state that their "standard practice is to separate any associate that uses illegal drugs in

9

the workplace." (ECF No. 14 at 14-15.) In light of Defendant's internal policy, the Court finds that conduct of comparable seriousness is any conduct for which Defendant's standard disciplinary response is termination of employment. A valid comparator in this case, therefore, would be an employee in the Marysville Plant who worked in the same section as Plaintiff, who was subject to the same standards as Plaintiff, and who engaged in conduct for which Defendant's standard disciplinary response is termination of employment.

Plaintiff, however, seeks information and documents about a vastly broader range of individuals than the valid comparator described above. To the extent that Plaintiff's Second Set of Discovery Interrogatories Nos. 14 & 15 and Requests for Production Nos. 28 & 30 seek information beyond the valid comparator, the Court finds that they are overbroad. Nevertheless, Plaintiff is entitled to discovery regarding valid comparators. Insofar, then, as Plaintiff's Second Set of Discovery Interrogatories Nos. 14 & 15 and Requests for Production Nos. 28 & 30 seek relevant information related to the valid comparator described above, Plaintiff is entitled to further discovery.[3]

Federal Rule of Civil Procedure 1 provides that the civil rules "should be construed and administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). The Rule makes clear that the parties and the courts have an obligation to cooperate to the extent possible to achieve these goals. As the Committee Note to the Rule observes, "[e]ffective advocacy is consistent with—and indeed depends upon— cooperative and proportional use of procedure." Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

---

[3] Although Plaintiff does not explicitly mention similarly-situated status in his Interrogatory No. 17, the Court subsumes the request into this analysis because any responsive production of *relevant* information must necessarily conform to the same valid comparator profile.

The Federal Rules of Procedure also contemplate active judicial case management. To that end, the Court will schedule a discovery conference with the parties to discuss how to proceed with discovery responsive to Plaintiff's Second Set of Discovery Interrogatories Nos. 14 & 15 and Requests for Production Nos. 28 & 30, including the scope of any necessary protective order.[4] In the interim, the parties are directed to engage in cooperative dialogue in an effort to come to an agreement regarding continued discovery.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 13.) The Court will convene the parties as soon as practicable for a discovery conference.

**IT IS SO ORDERED.**


Date: September 28, 2017             /s/ *Elizabeth A. Preston Deavers*
                                    ELIZABETH PRESTON DEAVERS
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] In managing the course of future production in this matter, the Court is mindful that "defendants ha[ve] a valid interest in the privacy of nonparty personnel files and that it [is] within the district court's power to grant [a] protective order." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999).